**In re BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a The Singer Company, Debtor.**

**Bankruptcy No. 89–8191–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 13, 1993.

Harley E. Riedel, Donald E. Engle, Robert H. Wheeler, for debtor.

Timothy D. Wittlinger, for movant.

William Goldman, for Creditors' Committee.

## ORDER ON MOTION TO ABSTAIN

ALEXANDER L. PASKAY, Chief Judge.

THIS is a confirmed Chapter 11 case, and the matter under consideration is a Motion to Abstain filed by York International Corporation (York). The Motion is directed to an Objection to the claim of York filed by Bicoastal Corporation, d/b/a Simuflite, f/k/a The Singer Company (Debtor) in the amount of $690,000.00. The claim is based on the contention of York that it is entitled to be indemnified by the Debtor for York's liability to third parties, a liability which was asserted against York based on an alleged defect of a product installed by York but manufactured by The Singer Company, a predecessor-in-interest of the Debtor. In due course York filed a Motion for Summary Judgment contending that there are no genuine issues of material facts and it is entitled to a judgment as a matter of law. York's Motion for Summary Judgment was denied. York now seeks an Order of Abstention of the Debtor's Objection to its claim. The facts which appear from the record and which are relevant to the resolution of this controversy can be summarized as follows:

At the time relevant York was a subcontractor installing air conditioning systems in the Detroit Renaissance Center (Center). After completion of the Center, the prime mechanical contractor for the Center, Limbach Company (Limbach) sued the Renaissance Center Partnership (RCP) seeking damages for alleged breach of contract. In turn, RCP filed a counterclaim against Limbach claiming certain defects in the construction work, including alleged defects in the heating, ventilation and air-conditioning (HVAC) system. Limbach brought a third-party claim against York, alleging that York supplied some of the defective equipment used in the HVAC. Subsequently, York filed fourth-party complaints against various suppliers, including the Debtor, alleging that the equipment and parts furnished to the Debtor were defective. The dispute involving the Debtor specifically deals with the "S–3" coils used in the "S–3" heating system of the Center, which allegedly began to leak shortly after they were installed. In due course, the Debtor filed its answer to the fourth-party complaint and demanded trial by jury. The claim asserted against the Debtor was severed from the controversies involving the other parties in the litigation.

The Circuit Court for Oakland County, Michigan (State Court) then proceeded and tried the remaining issues involving the claim against Limbach, RCP and York, all of whom actively participated in this phase of the litigation. Because of the Order of Severance of its claim, the Debtor did not participate in that phase of the litigation. The State Court ultimately found that the leaking of the S–3 coils had in fact been as a result of defective manufacturing, and entered a Partial Final Judgment against Limbach in the amount of $209,744.28. Limbach immediately moved for judgment against York in the same amount, based upon its third-party complaint. The Motion was granted and the State Court entered a final judgment in favor of Limbach and against York in the same amount.

In due course, York sought the entry of a judgment against the Debtor, notwithstanding the fact that the State Court in its Partial Final Judgment held that the findings of fact regarding the defective manufacture of the S–3 coils were not binding on the Debtor. Notwithstanding, on April 7,

1988 the State Court granted the motion and entered an Order holding that its findings of fact with regard to defective manufacture of the S–3 coils were binding on the Debtor. The Debtor appealed this Order.

On November 11, 1989, the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code. The commencement of this case, of course, stayed any further proceedings in this litigation including the appeal. On September 13, 1990, this Court modified the automatic stay and permitted the Debtor to prosecute its appeal challenging the Court's Order which concluded the findings concerning the defective manufacture of the S–3 coils were binding on the Debtor. On April 4, 1991, the Michigan Court of Appeals issued its Opinion reversing the State Court. The Court of Appeals held that, because the Debtor did not participate in the litigation of Limbach's claims, and because there was a conflict of interest between the Debtor and York, the Debtor was not bound by the State Court's finding that the S–3 coils were defective.

The proof of claim filed by York on May 14, 1990 was based on the Judgment and Order entered by the State Court holding York liable to Limbach for the damages resulting from the defective S–3 coils, and contended that the Debtor is bound by the State Court findings of fact concerning the defect in manufacturing the S–3 coils. On August 14, 1992, Debtors filed their Objection to Claim, alleging the coils were not defective. On April 16, 1993, this Court denied York's Motion for Summary Judgment after concluding that the Debtor's contractual obligation to indemnify York was an issue of fact requiring trial. In addition, York's claim for indemnification is yet to be determined simply because of the reversal by the Michigan Court of Appeals of the State Court's findings of fact that the S–3 coils were, in fact, defective. York seeks indemnification from the Debtor for the amount of the Judgment entered against York by the State Court.

The central issue in this controversy is whether or not this Court should abstain to consider the Objection to the claim of York filed in this Chapter 11 case. The Motion to Abstain is based on 28 U.S.C. 1334(c)(2), the mandatory abstention provision, or in the alternative on 1334(c)(1), the Section which deals with discretionary abstention of civil proceedings.

York argues that its claim is solely based on state law; that the controversy merely relates to a case under Title 11; and since the Plan of Reorganization of the Debtor has been confirmed, which provides for a reserve to pay disputed claims, it is unnecessary and inappropriate for this Court to be involved in this controversy and, therefore, it should abstain.

■ Abstention of civil proceedings in a Bankruptcy case is governed by 28 U.S.C. § 1334 which provides in pertinent part:

28 U.S.C. § 1334. Bankruptcy cases and proceedings

(c)(1) Nothing in this section prevents a district court in the interest in justice, or in the interest in comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or a State law cause of action, related to a case under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction from this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 157(b)(3) provides that the determination of whether the proceeding is not core shall not be made solely on the basis that its resolution may be affected by State law.

■ Under 28 U.S.C. § 157(b)(2)(B), the allowance or disallowance of a claim is clearly a core matter and thus should be heard by the Bankruptcy Court, notwithstanding that the challenged claim is based on state law.

**240**

It is true that there is one well-recognized exception to the general rule which may justify abstaining from consideration of an objection to a claim filed against the estate. This exception may apply when the claim under challenge is unliquidated or contingent, as such claims cannot be allowed by virtue of § 502(c)(1) unless the claim is liquidated or, if it is not possible for liquidation, at least estimated. Under this scenario, if the claim under consideration is already being litigated in a non-bankruptcy forum, and the litigation could be speedily resolved without undue delay of the administration of the estate, it is appropriate for the Bankruptcy court to abstain even though, as noted earlier, the allowance or disallowance of claims is a pure "core" matter. In the situation just described, the liquidation process may be relegated to a non-bankruptcy forum, but of course, the ultimate determination of the allowance or disallowance of the claim remains with the Bankruptcy Court. In the present instance, the major portion of this complex contract dispute already has been tried in Michigan. The controversy is clearly governed by the laws of the State of Michigan. At first blush it might appear that it would be appropriate to defer consideration of this matter to the state court and to grant the Motion to Abstain. However, considering the history of this controversy and the fact that this Court has acted on a Motion for Summary Judgment and due to the fact that the Debtor is nearing the completion of this Chapter 11 case having already made four distributions to creditors, this Court is satisfied that it is appropriate to retain this contested matter and deny the Motion to Abstain.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion of York to Abstain Action be, and the same is hereby, denied.

DONE AND ORDERED.