**In re WMR ENTERPRISES, INC., Debtor.**

**John E. VENN, Jr., Trustee, Plaintiff,**

**v.**

**KINJITE MOTORS, INC., Defendant.**

**Bankruptcy No. 92–00324.**
**Adv. No. 93–9054.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

Jan. 13, 1994.

John G. Stinson, Gainesville, FL, for plaintiff.

Francis H. Cobb, Tampa, FL, for defendant.

John E. Venn, Jr., Gulf Breeze, FL, Trustee, pro se.

## ORDER ON MOTION TO DISMISS

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

Before the Court is a motion of Kinjite Motors, Inc., the defendant in this adversary proceeding, to dismiss based on lack of subject matter jurisdiction. During hearing on the motion, the attorney for the plaintiff, WMR Enterprises, Inc., the reorganized company, ore tenus moved that should this court find that it has subject matter jurisdiction but that this is a non-core proceeding, this court abstain from exercising jurisdiction pursuant to the provisions of 28 U.S.C. § 1334(c)(1). For the reasons set forth below, defendant's motion to dismiss for lack of subject matter jurisdiction will be granted.

This adversary proceeding was filed on September 10, 1993 by John Venn, the court appointed trustee in the Chapter 11 case of WMR Enterprises, Inc. WMR filed a petition for relief under Chapter 11 of the Bankruptcy Code on July 28, 1992 and on December 8, 1992 Mr. Venn was appointed to serve as trustee in the case. An order confirming a Chapter 11 plan of reorganization was entered by the court on August 3, 1993. After confirmation of the plan, but prior to his discharge as the trustee under the terms of the confirmed plan, the trustee initiated the instant action. Subsequently thereto, on October 15, 1993, the reorganized company was substituted for the trustee.

This adversary proceeding relates to transactions between WMR and the defendant during the time frame of May of 1991, over a year before the petition for relief, and September 1992, two months after the petition was filed. According to the complaint, during that period of time Kinjite allegedly conveyed approximately 544 retail installment sales contract accounts covering automobiles to WMR and was paid for those contracts. It is alleged in the complaint that thereafter, Kinjite failed to deliver all of the contracts purchased by WMR, that it has collected payments on the contracts and failed to pay them over to WMR, and that it knowingly sold to WMR different contracts covering the same automobiles. The complaint itself contains six counts seeking a turnover in accounting, and seeking damages for breach of contract, fraud, negligent misrepresentation, conversion, and civil theft. Based on the allegations in the complaint, virtually all of the acts complained of occurred between the date of the petition for relief instituting this Chapter 11 case and the date of the confirmation of the plan of reorganization.

The defendant, Kinjite seeks dismissal based on its assertion that the causes of action alleged are not core proceedings aris-

ing under title 11 or arising in a case under title 11 of the United States Code and that since the court has already confirmed the plan of reorganization, the action is not related to a case under title 11. Thus, contends the defendants, this court lacks subject matter jurisdiction over the proceeding.

Resolution of this matter requires the court to determine initially whether this proceeding is a core proceeding arising under title 11 or arising in a case under title 11. 28 U.S.C. § 157(b)(1). The Eleventh Circuit has defined a core proceeding as follows: "If the proceeding does not involve a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or noncore proceeding." *In re Davis,* 899 F.2d 1136, 1141 (11th Cir.1990) citing *Matter of Wood,* 825 F.2d 90, 97 (5th Cir.1987) (emphasis in original).

 In this case, the only count in the complaint which purports to allege any substantive bankruptcy issue is count 1 which is plead under 11 U.S.C. § 542 seeking a turnover of property to the bankruptcy estate. What this count actually seeks is the equitable enforcement of rights under the contracts between the former debtor and the defendant. Moreover, upon confirmation of the plan of reorganization, all property of the estate is vested in the reorganized debtor pursuant to 11 U.S.C. § 1141(b) and the bankruptcy estate is essentially dissolved. *In re Haws,* 158 B.R. 965 (Bankr.S.D.Tex. 1993) Since turnover under § 542 is to the estate, this provision is not available when there is no longer an estate. The remaining counts all allege causes based on state law and thus, fall outside of the definition of core proceedings.

 Plaintiff argues that since the causes of action accrued during the administration of the estate, they should be considered as core matters, citing *In re Ben Cooper, Inc.,* 896 F.2d 1394 (2nd Cir.1990). This argument is unavailing for two reasons. First, while the cause of action asserted in *Ben Cooper* involved the enforcement of a post petition contract, the court found that "The

adjudication of such claims is an essential part of administering the estate" *Ben Cooper* at 1400. In this case pursuit of these claims plays no part in the administration of the bankruptcy case. Moreover, to the extent that *Ben Cooper* stands for the proposition that the assertion of any cause of action arising from transactions with a debtor-in-possession gives rise to a core proceeding, that position is in conflict with the law of this circuit as set forth in *Davis,* supra. In recognizing that its decision in *Ben Cooper* conflicted with the Fifth Circuit's decision in *Wood* (which the Eleventh Circuit followed), the court in *Ben Cooper* noted that "The Fifth Circuit stated in *In re Wood, supra,* 825 F.2d at 97, that 'a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.' The court held that a claim under state law arising from a post-petition dispute did not fit either category.... To the extent that *Wood* conflicts with our holding, we decline to follow it." *Ben Cooper,* at 1400. Thus, since the causes of action asserted by plaintiff in the instant proceeding are not based on substantive rights created under the bankruptcy code and could have been asserted independently of the bankruptcy case, the proceeding is not a core proceeding.

 Since this is not a core proceeding, this court has jurisdiction only if it is related to the case under title 11. The Eleventh Circuit in *Matter of Lemco Gypsum, Inc.,* 910 F.2d 784 (11th Cir.1990) adopted the definition of a "related" proceeding formulated by the Third Circuit in *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and in any way impacts upon the handling and administra-

tion of the bankrupt estate." *Lemco Gypsum* at 788.

In the instant case, administration of the bankruptcy estate has terminated with the confirmation of the plan and the vesting of the property of the estate in the reorganized debtor. While the existence of this claim was disclosed by the trustee in the Disclosure Statement, no value was assigned to it and the Plan provides that all proceeds from the recovery of assets resulting from the successful prosecution of claims shall be the property of the Reorganized Company free and clear of the claims of any creditors of the debtor. Performance by the Reorganized Company of the terms of the Plan of Reorganization is not dependent on nor is it affected by any recovery in this proceeding.

This matter is very similar to that addressed by the court in *In re Haws*, supra. There, as in the instant proceeding, the reorganized debtor filed an adversary proceeding based on state law claims after confirmation of the plan of reorganization. The court dismissed the proceeding for lack of subject matter jurisdiction finding that the proceeding "would have no conceivable effect on the bankruptcy estate." *Haws*, at 971.

As in *Haws*, this proceeding will have no conceivable effect on this bankruptcy estate and is therefore, not a "related" proceeding within the meaning of 28 U.S.C. § 1334(b). Accordingly, it is hereby,

ORDERED AND ADJUDGED that the defendant Kinjite Motors' motion to dismiss for lack of subject matter jurisdiction be and same is hereby GRANTED and this proceeding is DISMISSED.

DONE AND ORDERED.