Jeffrey W. WARREN and Bush, Ross, Gardner, Warren & Rudy, P.A., Appellants,

v.

CALANIA CORPORATION, Appellee.

No. 94–1516–CIV–T–17E.

United States District Court, M.D. Florida, Tampa Division.

Jan. 31, 1995.

Harold B. Staggs, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for appellants.

Mark David Hildreth, Abel, Band, Russell, Collier, Pitchford & Gordon, Chartered, James D. Gibson, Norton, Moran, Hammersley, Dunlap, Gurley & Lopez, P.A., Sarasota, FL, for appellee.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from the "Order Granting Appellee's Motion to Remand to the Twelfth Judicial Circuit for Sarasota County," entered on August 8, 1994 by Chief Bankruptcy Judge Alexander L. Paskay. Jurisdiction over appeals from the final judgments, orders and decrees of the Bankruptcy Court is vested in the Federal District courts. 28 U.S.C. § 158(a).

The issue presented for this Court's review is whether the Bankruptcy Court erred in remanding, based on lack of subject matter jurisdiction, an action previously removed to the Bankruptcy Court. The action alleges attorney misconduct during Chapter 11 bankruptcy proceedings. The reorganization plan and the order confirming the plan reserved jurisdiction postconfirmation.

### STANDARD OF APPELLATE REVIEW

The District Court is bound by the findings of fact made by the Bankruptcy Court unless it determines them clearly erroneous. The burden is on the appellant to show that the Bankruptcy Court's finding is clearly erroneous. Federal Rules of Bankruptcy Procedure, Rule 8013; *In re Downtown Properties, Ltd.,* 794 F.2d 647 (11th Cir.1986). Appellant is entitled to an independent, *de novo* review of all conclusions of law and the legal significance accorded to the facts. *In re Owen,* 86 B.R. 691 (M.D.Fla. 1988).

### FACTS

On February 16, 1993, Calania Corporation (hereafter "Calania") filed a voluntary petition for relief under Title II, United States Code, in the United States Bankruptcy Court for the Middle District of Florida. Jeffrey W. Warren of the law firm of Bush, Ross, Gardner, Warren & Rudy, P.A. acted as counsel for the Official Committee of Unsecured Creditors in the Reorganization.

On or about January 26, 1994, Calania filed a Modified Second Amended Plan of Reorganization. This Reorganization Plan was confirmed by the Bankruptcy Court on March 18, 1994, *nunc pro tunc* to March 7, 1994. The court retained jurisdiction in the proceedings "until the consummation of the Plan and the entry of a final decree pursuant to Bankruptcy Rule 3022...." (See Amended Plan of Reorganization, Article IX.)

On June 2, 1994, in the Circuit Court of the Twelfth Judicial Circuit in and for Sara-

sota County, Florida, Calania commenced an action against Appellants. In its Complaint to the Twelfth Circuit, Calania alleges that appellants violated the Rules of Professional Conduct. Allegedly, appellees breached their fiduciary duties to Calania by failing to negotiate a reorganization plan in good faith and in a timely manner, thereby needlessly increasing attorneys fees.

On June 27, 1994, the action was removed, by appellants, to the Bankruptcy Court pursuant to initiation of procedures, required by 28 U.S.C. 1452 and Rule 9027, Bankruptcy Rules of Procedure. However, on July 7, 1994, Calania sought to remand the action to Circuit Court on grounds that the Bankruptcy Court lacked subject matter jurisdiction.

Because the action was commenced postconfirmation of the reorganization plan, the Bankruptcy Court concluded that it lacked subject matter jurisdiction. Debtor's remand motion was granted after a hearing on July 21, 1994. Appellants appeal this remand order.

### DISCUSSION

■ The bankruptcy court may retain jurisdiction by specific reservation in the Chapter 11 plan of reorganization. *A.R.E. Mfg. Co. v. United States (In re A.R.E. Mfg. Co.),* 138 B.R. 996, 999 (Bankr.M.D.Fla.1992). However, in this instance, the Bankruptcy Court held that it lacked jurisdiction because the "Retention of Jurisdiction" clause in the Reorganization Plan (Article 9.0) was insufficient to establish it. The attorney misconduct proceeding did not relate to the case and the proceeding could be brought in a forum other than the Bankruptcy Court. (Transcript, pp. 26–28).

■ The term "relate to the case" refers to all matters "arising in" or "arising under" a Title 11 case. *Matter of Wood,* 825 F.2d 90, 93 (5th Cir.1987). For a proceeding to "arise under" Title 11, it must be, by its very nature, the kind of proceeding that could only arise in the context of a bankruptcy case. *Id.* at 97. Appellants unsuccessfully argue that the current proceeding "arises in" a Title 11 case because the attorney represented the Official Unsecured Creditors

Committee in the reorganization. Thus, the debtor's attorney misconduct action could only arise in the context of a bankruptcy case. Therefore, appellant's conclude the proceeding is core.

However, this proceeding does not meet the test of a "core" proceeding outlined in *Matter of Wood, supra.* This proceeding could not conceivably affect administration of the bankruptcy plan. This is an independent action. The fact that potential proceeds from the action may be distributed by the court *if* an award is received is not enough. If an award is received, provisions exist in the reorganization plan for distributing assets under the retained jurisdiction of the court. Thus, it is not necessary to involve the court in the initial attorney misconduct proceedings.

■ An action against an attorney for breach of fiduciary duty can exist outside the bankruptcy context. *See, e.g., Gutter v. Wunker,* 631 So.2d 1117 (Fla. 4th DCA 1994). Situations illustrating the types of matters that must fall under the exclusive jurisdiction of the bankruptcy court are outlined in *Matter of Wood,* 825 F.2d 90, 97 (5th Cir.1987). These matters include allowance and disallowance of claims, discharges, confirmation of plans, and orders to obtain credit. If the proceeding in question does not significantly affect consummation of the reorganization plan, jurisdiction over the proceeding is not granted merely by a reservation of jurisdiction paragraph in the plan. *See In re Tri-L Corp.,* 65 B.R. 774, 778 (D.Utah 1986). The outcome of the proceeding must conceivably have an effect on the estate being administered in bankruptcy *Id.* A court may retain jurisdiction to guarantee compliance with the reorganization plan, but, the court "may not keep the corporation in 'perpetual tutelage' by.... assuming jurisdiction over controversies between the reorganized corporation and third parties." *Claybrook Drilling Co. v. Divanco,* 336 F.2d 697, 700–01 (10th Cir. 1964).

Appellants reliance on *In re TGX Corp.,* 168 B.R. 122 (W.D.La.1994) is misguided. In *TGX,* the court retained jurisdiction because the proceeding in question was specifically disclosed in the Plan. The bankruptcy court retained subject matter jurisdiction over

postconfirmation litigation alleging preconfirmation breaches of fiduciary duty. The court reasoned that the outcome of the litigation could have an effect on the estate's ability to meet its obligations to creditors under the confirmed plan. The plan was confirmed with full knowledge of the existence of litigation alleging attorney misconduct.

The instant case is distinguishable because the attorney misconduct proceeding was initiated well after confirmation of the Plan. The plan was confirmed without notice or knowledge of the later attorney misconduct action. Thus, it is unnecessary for the bankruptcy court to exercise jurisdiction.

■ Confirmation of a reorganization plan effectively dissolves the bankruptcy estate. *In re Greenley Energy Holdings,* 110 B.R. 173, 180 (E.D.Pa.1990). "The bankruptcy court is restricted to exercising postconfirmation jurisdiction over those matters directly relevant to the management of the former estate ..." *In re Haws,* 158 B.R. 965, 970. Since the instant proceeding was filed after confirmation of the reorganization plan, the plan was confirmed without evidence of the contemplation of, or reliance on, this proceeding. Following the reasoning in *Haws,* the Bankruptcy Court was correct in determining that it had no jurisdiction. As stated in *Haws,* "a bankruptcy court does not remain forever involved in the postconfirmation affairs of its reorganized debtors." *Id.* at 971.

■ After confirmation of a Chapter 11 case, the Court has jurisdiction over an adversary proceeding that will in some way significantly affect consummation of the confirmed plan. *Id.* at 970. Appellee argues that any recovery by the Reorganized Debtor will inure to its benefit and will not be distributed to creditors through any Plan provision. Section 8.3 of the Plan permits a debtor to avoid transfers or obligations and file claims or commence actions to recover claims or assets. Appellee argues that the instant proceeding is not an avoidance or a claim as contemplated under Section 8.3 because Article 1.11 of the Plan defines a "claim" as a claim of a creditor that is set forth in the reorganization plan itself. However, despite the language of section 8.3, Section 7.5 of the plan, "Surplus Funds", clearly states that "in the event that the Reorganized Debtor has surplus cash available at the end of any fiscal year.... such surplus cash shall be paid over to the Plan Payment Escrow Account to be distributed pursuant to the Plan." Thus, any damages received from an award in an attorney misconduct action could potentially be applied to satisfy the reorganized debtor's creditors, as is well argued by the appellant. However, appellee correctly asserts the language of Section 8.3, stating that the "mere potential" of recovery is insufficient to create jurisdiction. *See, e.g., In re Transamerica Natural Gas Corp.,* 127 B.R. 800 (S.D.Tex. 1991) (stating that the mere potential of a claim increase or decrease of the pool of funds available, without more, is insufficient to create bankruptcy jurisdiction.) In the event that Reorganized Debtor should receive a damage award in state court, or additional monies from any other source, a mechanism is already in place to properly distribute the funds under the supervision of the bankruptcy court. Thus, the bankruptcy court need not retain jurisdiction over the misconduct claim in order to have the power to distribute any potential proceeds resulting from the action.

### CONCLUSION

This Court has carefully reviewed the order of Judge Paskay, and the briefs of both parties. Under the quoted standard of review, the Court finds that the findings of fact of the Bankruptcy Court are not clearly erroneous. The Bankruptcy Court's conclusions of law are sound. Accordingly, it is

**ORDERED** that the Order of the Bankruptcy Court be **affirmed** and the Clerk of the Court be **directed** to enter judgment for the appellee.

**DONE AND ORDERED.**