**In re TRIDENT SHIPWORKS, INC., Debtor.**

**Trident Shipworks, Inc. n/k/a Westship World Yachts, LLC, Plaintiff,**

v.

**Stephen Nichols, Gary Carlin, Royal Crown Yachts, Inc., Margaret Nichols, and William Angell, Defendants.**

**Bankruptcy No. 99–015448P1.
Adversary No. 00–657.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 10, 2001.

108

Don M. Stichter, Stichter, Riedel, Blain & Prosser, Tampa, FL, for debtor.

Roberta A. Colton, Tampa, FL, for plaintiff.

Robert B. Glenn, John D. Emmanuel, Tampa, FL, for defeendant.

***ORDER ON MOTION OF DEFENDANT WILLIAM ANGELL TO DISMISS AMENDED COMPLAINT OR ALTERNATIVELY FOR ABSTENTION (Doc. # 20)***

ALEXANDER L. PASKAY,
Bankruptcy Judge.

The matter under consideration in this confirmed Chapter 11 case is a challenge of the Amended Complaint filed by Trident Shipworks, Inc. n/k/a Westship World Yachts, LLC, filed against Stephen Nichols, Gary Carlin, Royal Crown Yachts, Inc., Margaret Nichols and William Angell (Defendants). The challenge under con-

sideration is interposed by one of the defendants, William Angell (Angell) who filed a Motion to Dismiss attacking the claims in the Amended Complaint of Counts III, VII and VIII of a nine-count Amended Complaint.

These claims under attack can be briefly summarized as follows: The claim in Count III is entitled "Improper Post–Petition Transfers—Royal Crown and Angell" and seeks to set aside an alleged post-petition transfer pursuant to 11 U.S.C. § 549, and the recovery of such transfer pursuant to 11 U.S.C. § 550(a)(1).

The claim asserted in Count VII is based on "Aiding and Abetting the Breaches of Fiduciary Duty" and the relief sought is an award of monetary damages.

Count VIII is entitled, "Declaratory Judgment—Royal Crown and Angell." In this Count the Plaintiff seeks a decree determining that the reorganized Debtor is the real party in interest to a certain Yacht Purchase Agreement.

■ In his Motion, Angell contends first that the Court lacks jurisdiction over Angell and over the claims asserted against Angell in Counts III, VII and VIII. In the alternative, Angell also contends that even assuming this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), this Court should still abstain from at least the claim asserted in Count IV and VIII pursuant to § 1334(c)(1) or (c)(2). Of course, the threshold question is the allegation in the Motion by Angell that this Court has no jurisdiction over Angell or the claims asserted against Angell. Obviously, the challenge of this Court's jurisdiction over Angell as an individual is without basis and the fact, if it is a fact, that the Plaintiff actually sought to sue a corporation rather than Angell individually is of no consequence. If the claim is only against the corporation then obviously the Plaintiff has no viable claim against Angell as an individual, but this is a curable defect. Therefore, it is appropriate to consider the contention of Angell that this Court lacks subject matter jurisdiction over the claims asserted in the Amended Complaint against him set forth in Count III, VII and VIII.

■ The claim in Count III, as noted earlier, is based on the contention that the Plaintiff is entitled to recover alleged improper postpetition transfers pursuant to § 549 of the Code and the recovery of such transfer pursuant to 11 U.S.C. § 550(a)(1). The claim in Count III is facially "arising under" Title 11 thus by virtue of 28 U.S.C. § 1334(b) this Court would have jurisdiction over the claim. There is authority to support the proposition that a Chapter 11 debtor has standing to institute actions to recover or set aside voidable transfers, including post-confirmation transfers pursuant to § 549. Citing *In re T.F. Stone Companies, Inc.,* 170 B.R. 884 (Bkrtcy. N.D.Tex.1994).

The difficulty in the present situation is that the entity who now seeks to utilize § 549 is not a Chapter 11 debtor in the orthodox sense and the assets were acquired under the Plan by Westship, Inc. (Westship) which was not a debtor. The enterprise is now operated by a new entity formed by Westship, Westship World Yachts, LLC. It is apparent from the foregoing that unless the Plan of Reorganization expressly made provisions to transfer from the Debtor the voiding powers generally reserved to the Debtor and to a debtor-in-possession in a Chapter 11 case, an action to avoid transfers under the Code cannot be asserted by Westship World Yachts. Westship World Yachts, the Plaintiff, was neither a debtor who originally sought relief under Chapter 11 in this Court nor a debtor-in-possession. Although the Order of Confirmation re-

served jurisdiction in Paragraph 16 pursuant to Article X of the Creditor's Plan to hear such matters as are necessary to enforce the Order of Confirmation and to consider objections to claims, preference actions, fraudulent conveyances or any other claims or causes of action of the estate, it does not provide that these powers are conferred to the entity who emerged from the reorganization process. The Order of Confirmation merely provided this Court the power to consider these matters, but it did not provide who could assert the powers recited earlier, including the power to avoid post-petition transfers pursuant to § 549.

The factual basis for this claim indicates that these alleged transfers occurred not postpetition but post-confirmation of a Plan of Reorganization, which Plan was what is commonly referred to as a "pot plan." (Paragraph (f) of Creditor's Plan) Under this type of plan, all assets of a debtor are sold to a reorganized entity, in this case not Trident the Debtor, and the proceeds of the sale are used to fund the plan. This is precisely what happened here. The confirmed Plan was not proposed by Trident Shipworks, Inc., the Debtor, but by Westship, Inc. who acquired all of the assets of Trident and paid the purchase price of $2 million. This sum was devoted to fund the Plan and to pay a dividend on all allowed unsecured claims and, in addition, contributed $2 million as working capital to the newly formed entity. It is quite clear from the foregoing that this is a confirmed Plan which is fully consummated in which this Plaintiff has no standing to seek to recover the postpetition transfer claimed in Count III.

■ This leaves for consideration the remaining claims, one of which is in Count VII and is based on the claim of aiding and abetting the breaches of a fiduciary duty. Clearly this claim is between two non-

debtors and is based on pure state law. It is neither arising under nor arising in Title 11 which, pursuant to 28 U.S.C. § 1334(b) would give this Court jurisdiction over this claim. Unless this Court is willing to find that the controversy between these two non-debtors is "related" to a case under Title 11, this claim equally cannot be maintained in this Court and should be dismissed or, in the alternative, this Court should abstain pursuant to 28 U.S.C. § 1334(c)(1).

■ It is well established that the test for determining if a civil proceeding is related to bankruptcy is whether or not the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. *Pacor Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995); *Warren v. Calania Corp.*, 178 B.R. 279 (M.D.Fla.1995). In *Warren*, the District Court affirmed the Bankruptcy Court and held that if a proceeding in question does not significantly affect the consummation of the reorganization plan, the Bankruptcy Court's jurisdiction over the proceeding is not granted merely by reservation of jurisdiction in the Plan of Reorganization.

Therefore, under the principles announced by *Warren* and *Pacor*, the claims in Count VII are clearly not "related to" this reorganization case. Therefore, this Court has no jurisdiction over the claim in Count VII.

■ The claim in Count VIII seeks a reformation of a contract by declaring that this Plaintiff is the real party of interest to a certain yacht purchase agreement. Again, this is a controversy between two non-Debtor parties and the outcome of this litigation has no relevance to the Chapter

11 case. Therefore, this Court lacks jurisdiction over the claim asserted in this Count as well.

 Even assuming for purposes of discussion that this Court might have jurisdiction under the concept of "related to," this Court is still satisfied that it is appropriate to abstain to consider any of these claims pursuant to 28 U.S.C. § 1334(c)(1). With the exception of the Claim in Count III, these Counts are based on pure state law. The provisions for abstention, which do not mandate but rather permit abstention for controversies based on state law "in the interest of justice, or in the interest of comity with State courts," are clearly applicable in the present instance. *See In re Apex Oil Co.* 980 F.2d 1150 (8th Cir. 1992).

In sum, there is no question that it is appropriate to grant the Motion to Dismiss all three counts asserted against Angell or, in the alternative, to abstain pursuant to 28 U.S.C. § 1334(c)(1). In light of the foregoing, it is not necessary to rule on the legal sufficiency of the claims.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion of Defendant William Angell to Abstain pursuant to 28 U.S.C. § 1334(c)(1) be, and the same is hereby, granted, and the claims asserted against Angell in Counts III, VII and VIII be, and the same are hereby, dismissed without prejudice.