In re BARON CAPITAL PROP-
ERTIES, L.P., Baron Capi-
tal Trust, Debtors.

Jerome S. Rydell, Trustee of the Baron
Liquidating Trust, and Barcap Realty
Services Group, Inc., a Delaware cor-
poration, Plaintiffs,

v.

Robert L. Astorino, individually, and St.
Armands Partners, LLC, a Florida
limited liability company, Defendants.

Bankruptcy No. 8:04–bk–24463–ALP.
Adversary No. 06–76.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 5, 2006.

Larry M. Foyle, Kass Shuler Solomon
Spector Foyle et al, Tampa, FL, for Debt-
ors.

*AMENDED ORDER ON MOTION RE-
QUESTING THAT THIS COURT
ABSTAIN FROM HEARING THE
REMOVED ADVERSARY PRO-
CEEDING OR IN THE ALTERNA-
TIVE REMAND TO THE STATE
COURT*

(Doc. No. 5)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in the confirmed Chapter 11 cases of Baron Capital Properties, L.P. and Baron Capital Trust (together, the Debtors) is a Motion Requesting that this Court Abstain from Hearing the Removed Adversary Proceeding or in the Alternative Remand to the State Court (Doc. No. 5). The Motion was filed by Jerome S. Rydell, as Trustee for the Baron Liquidating Trust (the Trustee), and Barcap Realty Services Group, Inc. (Barcap), a wholly-owned subsidiary of Baron Capital Trust, one the Debtors in these jointly administered cases. The above-captioned adversary proceeding (the Adversary Proceeding) was initiated by the filing of a Notice of Removal by Robert L. Astorino and St. Armands Partners, LLC, non-debtor defendants in a case pending before the Circuit Court in and for Hillsborough County (the Hillsborough County Court), Case No. 05–100830, brought by the Trustee and Barcap.

The Trustee and Barcap seek an order from this Court either abstaining from hearing the adversary proceeding or remanding the proceeding back to the Hillsborough County Court.

The Complaint filed in the Hillsborough County Court consists of four claims set forth in four separate counts. The claim in Count I is based on alleged breach of fiduciary duty and misappropriation of corporate funds by Astorino and St. Armands, and seeks money damages. The claim in Count II is based on a claimed interference with contractual relationships and tortious interference in appropriation of corporate opportunity. The relief sought again is money damages. The claim in Count III is based on unjust enrichment against Astorino, seeking a money judgment. The claim in Count IV is an action for declaratory relief, which is in essence a request to obtain an advisory opinion, and it is conceded that it should be dismissed without prejudice.

A review of the record reveals that Astorino filed a Proof of Claim in the main case. Claims Dkt., Claim # 31. On October 27, 2005, the Debtors filed an Objection to Claim # 31 of Robert Astorino (Doc. No. 114) (the Objection to Claim), stating "Debtors and a related company Barcap Realty Services, Inc are in the process of filing suit in Brevard County, Circuit Court...." Doc. No. 179, ¶ 5. The relief requested in the Objection to Claim was either a denial of Astorino's claim or abatement pending resolution of the claim in the state court. The hearing on the Objection to Claim was held on January 3, 2006, and on January 23, 2006, this Court entered an Order on Objection to Claim No. 31 of Robert Astorino (Doc. No. 202). The Order stated that "Counsel for the Debtor advised the Court that a separate state court action had been filed and that the assertion of Mr. Astorino's claim, and any counterclaims, would be resolved in state court." Doc. No. 202. On this basis, this Court entered an Order abating any further proceeding in this Court pending the resolution of the action in the Brevard County Circuit Court.

Prior to the hearing on the Objection to Claim, the only relevant action pending in a state court appears to have been the suit initiated prepetition by Astorino in the Circuit Court of Brevard County, Florida. On January 4, 2006, the Trustee and Bar-

cap filed the action underlying the Adversary Proceeding in the Hillsborough County Court.

The prepetition suit filed by Astorino in Brevard County involves a claim to wages and seeks injunctive relief. The suit filed in the Hillsborough County Court involves claims based on breach of fiduciary duty and various tort theories of liability. A review of the pleadings demonstrates that the causes asserted in the Adversary Proceeding and the wage claims did not arise out of the same transaction or occurrence, and as such represent permissive, but not compulsory, counterclaims to Astorino's wage claim. Fed. R. Bankr.P. 7013. The matters are not interdependent, and can be adjudicated separately. The determination of one does not depend on the determination of another, aside from any potential claims to set-offs.

 It is clear that the Claim and the Objection to Claim are core matters squarely within this Court's subject matter jurisdiction. The allowance or disallowance of claims against the estate, excluding contingent or unliquidated personal injury tort or wrongful death claims, are core proceedings. 28 U.S.C. § 157(b)(2)(B). Claims litigation should proceed in the bankruptcy court even if the objection to the claim is based upon pure state law issues. *In re Bicoastal Corp.*, 158 B.R. 237, 239 (Bankr.M.D.Fla.1993). Whether Astorino is entitled to a claim for wages is central to the proper administration of a bankruptcy case. This Court is satisfied that the Claims and Objection to Claims should proceed, and will set the matter for a preliminary hearing.

 However, it is also clear that the issues involved in the Adversary Proceeding are non-core. It is a dispute between non-debtors (the Liquidating Trustee and Barcap on the one hand, and Astorino and St. Armands on the other). It involves

pure state law issues. It cannot have a substantial effect on the administration of the case as a liquidating plan has already been confirmed. Finally, the claims asserted in the Adversary Proceeding do not involve a substantive right created by federal bankruptcy law. *See, e.g., Gower v. Farmers Home Administration (In re Davis)*, 899 F.2d 1136 (11th Cir.1990), citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir.1987).

At most, this Court has related to jurisdiction over the claims in the Adversary Proceeding. The claims do affect this confirmed Chapter 11 case in the sense that the outcome has a bearing on the amount paid to the creditors and the funds available to pay those creditors. As the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy, this Court would have jurisdiction to hear the claims, as a proceeding related to a case under title 11. 28 U.S.C. 1334(b). *See In re Trident Shipworks, Inc.*, 262 B.R. 107, 110 (Bankr. M.D.Fla.2001), citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984). However, absent the consent of the parties, this Court could not render a final judgment. In non-core proceedings related to a bankruptcy case, a bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court, which then enters a final order or judgment upon a de novo review. 28 U.S.C. § 157(c)(1).

 The Plaintiffs argue that this Court must abstain from hearing the Adversary Proceeding. This Court does not agree. A federal court is required to abstain from hearing a case under certain narrow circumstances. The provision requiring mandatory abstention reads as follows:

Upon timely motion of a party in a proceeding based upon a State law claim

or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. 1334(c)(2).

Mandatory abstention applies only to proceedings before a bankruptcy court under "related to" jurisdiction, as opposed to "arising under" or "arising in" jurisdiction. Mandatory abstention applies only in non-core proceedings.

The Adversary Proceeding is a non-core matter, and is merely related to the bankruptcy case. The claims in the Adversary Proceeding are based on state law causes of action. However, the case filed in the Hillsborough County Court is in an embryonic state. Based upon the representations of the parties, the matter will take a year or longer to resolve in state court.

One of the overarching goals of the bankruptcy process is the efficient administration of the estate; multiple litigations in different venues are contrary to this goal. *In re Trident Shipworks, Inc.*, 243 B.R. 130, 132 (Bankr.M.D.Fla.1999). Given the procedural history of this case, specifically the Order on the Objection to Claim No. 31 and the subsequent filing of the action in Hillsborough County rather than Brevard County, this Court is satisfied that this matter cannot be timely adjudicated in the state court and should be litigated in the bankruptcy court, along with the Objection to Claim. The Motion to Abstain should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion Requesting that this Court Abstain from Hearing the Removed Adversary Proceeding or in the Alternative Remand to the State Court be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that a pre-trial conference shall be held on _____, beginning at _____.m. at Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida.

DONE AND ORDERED.