**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DON QUARLES, an individual;
OSAGE ENVIRONMENTAL
CONSERVATION FOUNDATION, on
behalf of themselves and all others
similarly situated,

      Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA, ex
rel. BUREAU OF INDIAN AFFAIRS;
UNITED STATES OF AMERICA, ex
rel. UNITED STATES
ENVIRONMENTAL PROTECTION
AGENCY; TEXACO, INC.; GETTY
OIL CO.; PHILLIPS PETROLEUM
COMPANY; SUN OIL COMPANY;
LITTLE RIVER ENERGY CO.;
SPESS OIL COMPANY, INC.;
YARHOLA PRODUCTIONS CO.;
CHAMBERS & HENDRIX OIL &
GAS, INC.; JOHN DOE, 1–1000,

      Defendants - Appellees.

No. 03-5035

---

Appeal from the United States District Court
for the Northern District of Oklahoma
(D.C. No. 00-CV-913-EA(C))

---

Gentner F. Drummond (Will K. Wright, Jr. with him on the briefs), The
Drummond Law Firm, Tulsa, Oklahoma, for the Plaintiffs-Appellants.

Matthew J. Sanders (Thomas L. Sansonetti, Assistant Attorney General; Earl Salo, Acting Associate General Counsel, Alan Carpien and James Harvard, United States Environmental Protection Agency; Charles R. Babst, Jr., United States Department of the Interior; Elizabeth A. Peterson and Natalia T. Sorgente, United States Department of Justice, Environment & Natural Resources Division with him on the brief), United States Department of Justice, Environment & Natural Resources Division, Washington, D.C., for the Federal Defendants-Appellees.

Rick D. Westcott (James C. Daniel with him on the brief), Daniel, Baker & Associates, Tulsa, Oklahoma, for the Defendants-Appellees with the exception of the United States.

---

Before **EBEL**, **McKAY,** and **LUCERO**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

At issue in this case is whether the district court erred in its blanket determination that assorted claims by Appellant Quarles—alleging both statutory and common law violations against various defendants—are all subject to an administrative exhaustion requirement found in the Osage Allotment Act. We take jurisdiction pursuant to 28 U.S.C. § 1291, and **REVERSE** and **REMAND** for further proceedings.

## I

Don Quarles, an owner and recreational user of property in Osage County, Oklahoma, brought suit against the Bureau of Indian Affairs ("BIA"), the Environmental Protection Agency ("EPA"), and several oil companies ("Oil

Company Defendants")[1] for alleged waste water leaks in 1998 and 1999 from oil production. Specifically, Quarles claims that the Oil Company Defendants unlawfully released oil, oil products, hazardous substances, and pollutants, damaging his property by causing salt scarring and advanced soil erosion, and contaminating the soil and water with radioactive materials. The waste water leaks also allegedly migrated or will migrate to Skiatook Lake, the Arkansas River, and other nearby waters, contaminating them.

These alleged releases prompted Quarles[2] to file suit against the Oil Company Defendants, the BIA, and the EPA. Quarles alleges various statutory and common law violations[3] in addition to citizen suit claims[4] under the

---

[1] The named Oil Company Defendants include Texaco Inc., Getty Oil Co., Phillips Petroleum Co., Sun Oil Co., Little River Energy Co., Yarhola Production Co., Spess Oil Co., and Chambers & Hendrix Oil & Gas, Inc..

[2] Quarles' amended complaint includes Osage Environmental Conservation Foundation ("OECF") as a named plaintiff and seeks certification as a class; however, the district court noted in its order, inter alia, that the matter had not been certified as a class action, and that there "is some issue as to whether [OECF] has standing to sue." Quarles v. United States, No. 00–CV–0913–EA (C), at 4–5 (N. D. Okla. filed Jan. 31, 2003) (Dist. Ct. Order).

[3] Quarles argues that the unlawful release and discharge of hazardous substances violates OPA, 33 U.S.C. § 2702, CWA, 33 U.S.C. §1321, CERCLA 42 U.S.C. §§ 9603, 9604, 9607, as well as the common law doctrines of negligence and nuisance.

[4] Quarles relies on the citizen suit provisions of CERCLA, 42 U.S.C. § 9659, the Safe Drinking Water Act, 42 U.S.C. § 300j-8, and CWA, 33 U.S.C. § 1365.

Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601 et seq., the Oil Pollution Act of 1990 (OPA), 33 U.S.C.A. §§ 2702, 2706, and the Clean Water Act (CWA), 33 U.S.C. § 1251, et seq., for loss of enjoyment of natural resources and the BIA and EPA's alleged failure to remediate the pollution. Quarles also brings negligence claims under the Federal Tort Claim Act (FTCA), 28 U.S.C. § 1346(b), asserting that the EPA and BIA violated their nondiscretionary duties to assess natural resource damage to Quarles' and other class members' property, and that the BIA violated the "Indian Trust Doctrine" through its historic failure to administer federal environmental statutes. In addition, Quarles alleges state and common law nuisance and negligence claims against the Oil Company Defendants.

The district court concluded that the Osage Allotment Act of June 28, 1906, 34 Stat. 539, as amended by Act of March 2, 1929, ch. 493, § 1, 45 Stat. 1478–79, required Quarles to submit to arbitration before filing suit for damages resulting from oil and gas operations on the Osage Reservation. Because Quarles had not made a request for arbitration, the district court dismissed without prejudice Quarles' complaint for failure to exhaust administrative remedies. Quarles appeals.

## II

We review a district court's dismissal on exhaustion grounds for an abuse of discretion. United States v. Tsosie, 92 F.3d 1037, 1041 (10th Cir. 1996). Erroneous conclusions of law or clearly erroneous findings of fact constitute an abuse of discretion. Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1165 (10th Cir. 1998). Questions regarding the applicability and construction of federal law are reviewed de novo. United States v. Davis, 339 F.3d 1223, 1226 (10th Cir. 2003); Foutz v. United States, 72 F.3d 802, 804 (10th Cir. 1995); United States v. Diaz, 989 F.2d 391, 392 (10th Cir. 1993).

Congress passed the Osage Allotment Act ("Act"), 34 Stat. 539, in 1906 in part for the purpose of dividing the land in the Osage Reservation among the members of the Osage Tribe. Coincidentally, the Act established a subsurface mineral estate trust, held by the United States, on behalf of the Osage Tribe. Id. at § 2.7. The Secretary of the Interior is directed to manage oil and gas extraction leases, with the royalties earned from the leases reserved to the Osage Tribe. Id.

In 1929 the Act was amended, establishing a mandatory administrative procedure for surface owners or lessees of Osage Reservation lands in order to address claims under the Act for damages caused by oil or gas extraction on the Osage Reservation. Act of March 2, 1929, ch. 493, § 1, 45 Stat. 1478–79. Surface owners or lessees must submit to arbitration claims under the Act

resulting from oil or gas extraction, id., and the Secretary of the Interior has promulgated a detailed arbitration procedure in order to recover damages. See 25 C.F.R. § 226.21 (2003).

In its decision, the district court did not distinguish between the claims against the Oil Company Defendants and the Federal Agency Defendants; nor did the court separately analyze the claims Quarles raised under various federal environmental statutes, the FTCA, the Indian Trust Doctrine, and the assorted common law claims. Instead the court reasoned that the Act is "a special law for Osage land, and that law blankets [Quarles'] claims." Thus it concluded, because the specific controls the general, the Act's mandates and the regulations promulgated thereunder applied to all of Quarles' numerous claims. Quarles v. United States, No. 00–CV–0913–EA (C), at 4, 5 (N. D. Okla. filed Jan. 31, 2003). Accordingly, the district court granted the Little River Energy Co. and Yarhola Production Co.'s joint motion to dismiss the complaint for failure to exhaust administrative remedies. As a result of the dismissal, the pending motions to dismiss filed by the remaining Oil Company Defendants and the Federal Defendants were deemed by the district court to be moot.

In order to determine if the district court erred in its dismissal of Quarles' complaint, we must interpret § 2 of the Osage Allotment Act. As with all statutory interpretation cases, we begin with the plain language of the Act. New

Mexico Cattle Growers Assoc. v. United States Fish and Wildlife Service, 248 F.3d 1277, 1281 (10th Cir. 2001).  In analyzing the language of the statute, we attempt to "give effect to its meaning," Schusterman v. United States, 63 F.3d 986, 989 (10th Cir. 1995), and construe the words of the statute in their ordinary sense, Chickasaw Nation v. United States, 208 F.3d 871, 876 (10th Cir. 2000).  When the statute's language is clear, only rarely is that language not controlling. Ramah Navajo Chapter v. Lujan, 112 F.3d 1455, 1460 (10th Cir. 1997).  Moreover, we give effect, if possible, to every word of the statute.  Lamb v. Thompson, 265 F.3d 1038, 1051 (10th Cir. 2001) (quoting Bennett v. Spear, 520 U.S. 154, 173 (1997)); Finley v. United States, 123 F.3d 1342, 1347 (10th Cir. 1997) (noting that we must construe statutes "in such a manner that every word has some operative effect"); United States v. Wicklund, 114 F.3d 151, 154 (10th Cir. 1997) (citing Moskal v. United States, 498 U.S. 103, 109–10 (1990).)

Section 2 of the Act as pertinent to the instant matter states:

> The bona fide owner or lessee of the surface of the land shall be compensated, under rules and regulations prescribed by the Secretary of the Interior in connection with oil and gas mining operations, for any damage that shall accrue after the passage of this Act as a result of the use of such land for oil or gas mining purposes, or out of damages to the land or crops thereon, occasioned thereby . . . .  All claims for damages arising under this section shall be settled by arbitration under rules and regulations to be prescribed by the Secretary of the Interior . . . .  Arbitration, or a bona fide offer in writing to arbitrate, shall constitute conditions precedent to the right to sue for such damages . . . .

Osage Allotment Act of June 28, 1906, 34 Stat. 539, as amended by Act of March 2, 1929, ch. 493, § 2, 41 Stat. 1249.

Our reading of the Act differs from that of the district court. Under § 2 of the Act, it is clear that claims by owners or lessees of surface land for damages resulting from oil and gas mining operations "arising under this section" are to be submitted to arbitration; given the plain language, however, it appears likewise clear that this requirement is limited to claims "arising under" § 2 of the Act. In the instant case, Quarles raised many claims, none under § 2 of the Act, and in dismissing his complaint, the district court did not explain how or why any of the numerous claims "ar[ose] under" the Act.

We cannot agree with the district court's finding that the Osage Allotment Act blankets all of Quarles' varied claims. Accordingly, we **REVERSE** the district court's dismissal of Quarles' amended complaint for failure to exhaust his administrative remedies under the Act, and **REMAND** to the district court for further proceedings.