**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PAT H. HAYES, Restricted Indian,
Heir in Interest to the Restricted Estate
of Leona James Hayes, deceased,

Plaintiff-Appellant,

v.

CHESAPEAKE OPERATING, INC.,
a/k/a Chesapeake Energy Corporation,

Defendant-Appellee.

No. 07-6025
(D.C. No. CIV-06-627-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **HOLLOWAY**, and **SEYMOUR**, Circuit Judges.

---

Pat H. Hayes, proceeding pro se as an heir to the estate of his mother,

Leona James Hayes, filed a civil complaint requesting damages from defendant

Chesapeake Operating, Inc. The district court entered summary judgment in favor

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of defendant. Mr. Hayes appeals and, construing his filings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we affirm.

Mr. Hayes's mother was the owner of restricted Indian lands regulated by the United States Department of Interior.[1] Mr. Hayes believes that, in dealing with the oil and gas leases covering the estate's lands, defendant Chesapeake violated the lease terms and applicable regulations. Based on his reading of 25 C.F.R. § § 213.1 and 213.37, he asked the central regional director of the United States Geological Survey (USGS, a bureau of the United States Department of the Interior), to schedule a hearing at the Anadarko Agency of the Bureau of Indian Affairs (BIA, another bureau of the Interior Department) on the alleged violations and his claims for $26,520,000 in damages.[2]

---

[1] Title 25, part 213 of the Code of Federal Regulations governs the leasing of restricted lands of members of the Five Civilized Tribes of Oklahoma for mining purposes.

[2] Section 213.37 provides, in pertinent part:

> Failure of the lessee to comply with any provisions of the lease [of restricted lands] [or] the regulations . . . shall subject the . . . lessee to a penalty of not more than $500 per day for each day the terms of the lease, [or] the regulations . . . are violated. . . . *Provided*, That the lessee shall be entitled to notice and hearing, within 30 days after such notice, with respect to the terms of the lease, regulations, or orders violated, which hearing shall be held by the supervisor. . . .

Section 213.1 defines "supervisor" as a "representative of the Secretary of the Interior under direction of the Director of the U.S. Geological Survey." The Department of Interior, however, has twice reorganized without changing the applicable regulations. According to the Department, "onshore minerals

(continued...)

Mr. Hayes did not await agency action. On his own, he obtained permission to use the conference room at the Andarko agency and scheduled a hearing for March 22, 2006. In a written response to Mr. Hayes's "hearing" notification, the Interior Department Solicitor advised him that the references in the regulations to USGS were no longer accurate and that the Chickasaw Agency had jurisdiction over his concerns. The Solicitor's letter made it clear that Mr. Hayes himself could not schedule or conduct a hearing, that no Interior Department representative would appear at the purported hearing, and that the Anadarko conference room would not be available for Mr. Hayes's purposes.

Mr. Hayes then filed an "appeal" with the Secretary of the Interior Department, asserting that he was entitled to damages due to Chesapeake's default for failing to attend the March 22 "hearing" he had scheduled. The Interior Board of Indian Appeals (IBIA) observed that Mr. Hayes's appeal did not identify an official action or inaction which it could review. It therefore dismissed the matter for lack of jurisdiction and referred the matter to the BIA Eastern Oklahoma Regional Director and the Chickasaw Agency Superintendent.

---

[2](...continued)
management functions, with the exception of royalty management" are currently performed by the Bureau of Land Management, and not the USGS. *Hayes v. Chesapeake Operating, Inc.*, 2006 WL 1743217, **1 n.2, 43 I.B.I.A. 54, 55 n.2. (2006).

Rather than pursuing his claims with the Regional Director or the Chickasaw Agency, Mr. Hayes filed a district court lawsuit seeking enforcement of his so-called "default judgment." He sought $102,522,000 in compensatory damages and fines, along with $205,104,000 in punitive damages. The district court determined that Mr. Hayes failed to exhaust his administrative remedies, granted Chesapeake's summary judgment motion, and denied Mr. Hayes's cross-motion for summary judgment.

In spite of his failure to follow agency procedures, Mr. Hayes maintains on appeal that he is entitled to default judgment against Chesapeake. "We review a district court's dismissal on exhaustion grounds for an abuse of discretion," though we examine "[q]uestions regarding the applicability and construction of federal law . . . de novo." *Quarles v. United States ex rel. Bureau of Indian Affairs,* 372 F.3d 1169, 1171 (10th Cir. 2004).

As this court has explained, the doctrine of exhaustion of administrative remedies provides that:

> no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. A party must exhaust administrative remedies when a statute or agency rule dictates that exhaustion is required. Under Department of Interior regulations, if an agency decision is subject to appeal within the agency, a party must appeal the decision to the highest authority within the agency before judicial review is available.

*Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 924 (10th Cir. 1994) (citations omitted). Application of the doctrine permits an administrative agency to develop

a factual record and apply its expertise to that record.  *McKart v. United States*, 395 U.S. 185, 193-94 (1969).

Mr. Hayes's claims were never addressed in prescribed Interior Department proceedings.  Accordingly, we see neither abuse of discretion nor legal error in the district court's determination that Mr. Hayes failed to exhaust administrative remedies and was therefore not entitled to judicial review.

The judgment of the district court is AFFIRMED.  Mr. Hayes's motion to dismiss his appeal and motion to file for dismissal out of time are DENIED.  *See* 10th Cir. R. 27.2(A)(3) (requiring a motion to dismiss to be filed within 15 days after filing of notice of appeal, unless good cause is shown).  His motion to proceed in forma pauperis is DENIED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge