FILED
United States Court of Appeals
Tenth Circuit

December 5, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANNELISE BRIGHT,

     Plaintiff - Appellant,

v.

UNIVERSITY OF OKLAHOMA BOARD
OF REGENTS,

     Defendant - Appellee.

No. 17-6101
(D.C. No. 5:16-CV-01188-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

    Annelise Bright appeals from a district court order dismissing her complaint based on sovereign immunity and failure to exhaust. We conclude that dismissal was appropriate, but that the dismissal should have been without prejudice. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate and remand.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Bright worked as a graduate teaching assistant in the University of Oklahoma's French Department. In 2015, the department's coordinator allegedly denied Bright's request for disability accommodations and sent a libelous memo to various persons. However, the director of the University's Disabilities Resource Center mandated that Bright receive accommodations. Bright's work was subsequently restricted, and after Bright complained to the Equal Employment Opportunity Commission, she was fired.

In September 2016, Bright sued the University's Board of Regents in state court for violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and state libel law. The Board removed the case to federal court and moved to dismiss. The district court granted the Board's motion, concluding that Bright's ADA claim was barred by sovereign immunity and her libel claim was unexhausted. Bright now appeals.[1]

# II

"We review de novo the district court's dismissal based on sovereign immunity." Mojsilovic v. Okla. ex rel. Bd. of Regents, 841 F.3d 1129, 1131 (10th Cir. 2016). Sovereign immunity extends to arms of the state, such as the Board. See Hensel v. Office of Chief Admin. Hearing Officer, 38 F.3d 505, 508 (10th Cir. 1994). It does not apply when Congress, acting under the Fourteenth Amendment, has abrogated states' immunity or when the state waives its immunity. See Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety, 722 F.3d 1209, 1212 (10th Cir. 2013). Neither exception governs this case.

---

[1] Because Bright is proceeding pro se, we liberally construe her filings, but we do not act as her advocate. See James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013).

Congress has not effectively abrogated immunity for ADA employment claims. See Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 360 (2001); Elwell v. Okla. ex rel. Bd. of Regents, 693 F.3d 1303, 1309-10 (10th Cir. 2012). And Oklahoma has retained its sovereign immunity. See 51 Okla. Stat. § 152.1.[2]

Bright does not argue otherwise. Instead, she recounts the circumstances leading up to her termination and states that she was coerced to work under unfair conditions. These arguments do not suggest that the district court erred in dismissing Bright's ADA claim. The district court did not, however, specify whether the dismissal was with or without prejudice. "[A] dismissal on sovereign immunity grounds . . . must be without prejudice." Rural Water Sewer & Solid Waste Mgmt. v. Guthrie, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011). We therefore remand this claim to the district court with instructions to dismiss it without prejudice.

### III

Oklahoma's Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, §§ 151-171, "is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort." Simington v. Parker, 250 P.3d 351, 358 (Okla. Civ. App. 2011) (quotation omitted). A "suit against a governmental entity under the GTCA must be based upon the claimant presenting written notice of a claim within one year of the

---

[2] A state that removes a case to federal court waives its Eleventh Amendment immunity from suit in federal court but not its sovereign immunity from liability. Trant v. Oklahoma, 754 F.3d 1158, 1173 (10th Cir. 2014); see also Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 753 (2002) (explaining that "the Eleventh Amendment does not define the scope of the States' sovereign immunity; it is but one particular exemplification of that immunity").

date the loss occurs, or the claim is forever barred." Id. Plaintiffs "must factually allege compliance with the GTCA's notice provisions." Id.

The district court dismissed Bright's libel claim because she had not alleged compliance with the GTCA's presentment requirement. We review a district court's dismissal on exhaustion grounds for abuse of discretion, which encompasses erroneous legal conclusions and clearly erroneous factual findings. Quarles v. U.S. ex rel. Bureau of Indian Affairs, 372 F.3d 1169, 1171 (10th Cir. 2004).

Bright does not dispute that her libel claim was unexhausted at the time she filed suit. Rather, she indicates in her reply brief that she filed the necessary administrative claim after the district court dismissed her complaint. But under Okla. Stat. tit. 51, § 157(B), "[n]o action for any cause arising under th[e] [GTCA] shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim." However, we must remand for the district court to clarify that the dismissal is without prejudice. See Gallagher v. Shelton, 587 F.3d 1063, 1068 (10th Cir. 2009) (remanding to allow district court to clarify that its dismissal of claims for failure to exhaust was without prejudice).

4

## IV

We **VACATE** the judgment of the district court and **REMAND** for the district court to clarify that the dismissal of Bright's claims was without prejudice.

Entered for the Court


Carlos F. Lucero
Circuit Judge